# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned May 20, 2011

## REBECCA DARBY BURGESS, IND. AND AS ADMINISTRATRIX/PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT E. DARBY, DECEASED ET AL. v. HARRIS MORGAN DEERE ET AL.

**Appeal from the Chancery Court for Wayne County**
**No. 11442      Jim T. Hamilton, Judge**

---

**No. M2010-01524-COA-R3-CV - Filed May 20, 2011**

---

The plaintiffs have appealed from an order upholding a settlement agreement between the plaintiffs and two of the defendants. Because the order appealed does not resolve the plaintiffs' claims against all the defendants or the two defendants' cross claim, we dismiss the appeal for lack of a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

PATRICIA J. COTTRELL, P.J., M.S., FRANK G. CLEMENT, JR., and ANDY D. BENNETT, JJ.

Gary Jester, Florence, Alabama, and Jane Jennings, Lawrenceburg, Tennessee, for the appellants, Rebecca Darby Burgess, Individually and as Administratratrix/Personal Representative of the Estate of Robert E. Darby, deceased, and Danny R. Darby, Individually.

Charles W. Holt and Alan C. Betz, Lawrenceburg, Tennessee, for the appellees, Harris Morgan Deere and Myrna J. Deere.

Randy Hillhouse and William Michael Harris, Lawrenceburg, Tennessee, for the appellees, Amanda Darby Dalrymple and Jerry Dalrymple.

This appeal arises out of a dispute over the ownership of certain real property in Wayne County. The property was owned by L.N. Pennington, allegedly for and on behalf of Robert E. Darby. On March 8, 2004, Amanda Darby Dalrymple, one of Robert E. Darby's daughters, recorded in the Wayne County Register of Deeds office a deed purporting to transfer the property from Mr. Pennington to Ms. Dalrymple. At the same time, Ms. Dalrymple recorded a warranty deed transferring the property from herself and her husband, Jerry Dalrymple, to Harris Morgan Deere and Myrna J. Deere.

Robert E. Darby died on April 26, 2004. On June 3, 2004, Rebecca Darby Burgess, individually and as administratrix of the Estate of Robert E. Darby, and Danny R. Darby filed a complaint against Mr. and Mrs. Dalrymple and Mr. and Mrs. Deere alleging that Mr. Pennington's signature on the deed to Mr. and Mrs. Dalrymple was forged.[2] The plaintiffs sought to declare both deeds void and also sought punitive damages against Mr. and Mrs. Dalrymple.

The parties subsequently engaged in extensive settlement negotiations. On March 21, 2007, Mr. and Mrs. Deere filed a motion asking the trial court to enforce an alleged settlement agreement between the parties. On September 21, 2009, the trial court entered an order finding that the plaintiffs "entered into a binding settlement agreement with the Defendants Harris Morgan Deere and Myrna J. Deere" and that "the Defendants Deere are entitled to enforcement of their settlement agreement with the plaintiffs." On October 21, 2009, the plaintiffs filed a Motion to Alter or Vacate Judgment or for a New Trial under Rule 59 and Motion to Amend Findings and Make Additional Findings to Conform to the Evidence under Rule 52.02. On March 3, 2010, Mr. and Mrs. Deere filed a cross claim against Mr. and Mrs. Dalrymple seeking a judgment in the amount of $173,000 plus expenses, attorney's fees and punitive damages. The trial court denied the plaintiffs' post-judgment motions under Tenn. R. Civ. P. 52 and 59 on June 14, 2010, again holding that the

---

[1]Tenn. Ct. App. R. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]The plaintiffs also named Mr. and Mrs. Deere's title insurance company as a defendant, but subsequently voluntarily dismissed the claims against the title insurance company.

settlement agreement is enforceable and "would resolve all ownership issues relating to the real estate." The plaintiffs filed their notice of appeal on July 13, 2010.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. Oct. 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. The trial court may direct the entry of a final judgment as to fewer than all of the claims or parties, but only upon an express determination that there is no just reason for delay and an express direction for the entry of judgment. Tenn. R. Civ. P. 54.02.

On November 17, 2010, this court determined that the order appealed did not appear to be final because it did not address the plaintiffs' claims against the Mr. and Mrs. Dalrymple, Mr. and Mrs. Deere's cross claim against Mr. and Mrs. Dalrymple, or the costs. Moreover, the trial court had not directed the entry of a final judgment pursuant to Tenn. R. Civ. P. 54.02. Accordingly, we ordered the plaintiffs to obtain a final judgment from the trial court within sixty (60) days or else to show cause why their appeal should not be dismissed. We subsequently granted the plaintiffs an extension of time within which to obtain a final judgment through April 5, 2011.

On January 18, 2011, the plaintiffs filed a motion in the trial court asserting that the trial court's order was a de facto final judgment and asking the trial court to direct the entry of a final judgment pursuant to Tenn. R. Civ. P. 54.02. On March 23, 2011, the trial court entered an order confirming this court's conclusion that the order appealed was not a final judgment because neither the plaintiffs' punitive damage claim against Mr. and Mrs. Dalrymple nor Mr. and Mrs. Deere's cross claim against Mr. and Mrs. Dalrymple had been addressed. The trial court also determined that directing the entry of a final judgment pursuant to Tenn. R. App. P. 54.02 would not be in the interest of judicial economy and thus denied the plaintiffs' motion. A supplemental record containing the March 23, 2011 order was filed on April 7, 2011.

In light of the trial court's specific finding that at least two claims remain unresolved, we reaffirm our initial determination that the order appealed is not a final appealable judgment. Because the plaintiffs have been unable to obtain a final judgment as required by our November 17, 2010 order and have not otherwise shown good cause, the appeal must be dismissed.

The appeal is hereby dismissed for lack of a final judgment without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. Should a new appeal be filed, the clerk of this court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. The costs of the appeal are taxed to Rebecca Darby Burgess, individually and as administratrix of the Estate of Robert E. Darby, and Danny R. Darby and to their surety for which execution may issue.


PER CURIAM